UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CRISTOBAL ESTEBAN MATEO,

Petitioner,

v.

CHRISTOPHER J. LaROSE, Warden, Otay Mesa Detention Center, et al.,

Respondent.

Case No.: 26-cv-4368-RSH-MMP

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On July 30, 2026, petitioner Cristobal Esteban Mateo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondents have filed a return. ECF No. 6. At the direction of the Court, Respondents made a supplemental filing relating to Petitioner's arrest warrant. ECF No. 10. As set forth below, the Court denies the Petition.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

//

Petitioner first alleges that he was arrested without a warrant. ECF No. 1 at 6.[1] However, the government has filed a copy of the arrest warrant, with a certificate of service attesting that on the date of Petitioner's arrest he was served with a copy and the contents were read to him in Spanish. *See* ECF No. 10-1 at 2. Petitioner next argues that he should not be subject to mandatory detention; but he also discloses that he in fact received a bond hearing on March 5, 2026, and was denied bond based on flight risk. ECF No. 1 at 10. This is not mandatory detention. Petitioner further argues unconstitutional conditions of detention, *id.* at 6, but this fails to state a clam for habeas relief. Finally, Petitioner contends that his detention of approximately six months has become unduly prolonged, *id.* at 7, but that length of detention does not violate due process where his removal proceedings are ongoing and an immigration judge has determined he is a flight risk.

To the extent the Petition can be read to argue that the immigration judge's March 5, 2026 denial of bond was erroneous, Petitioner is required to exhaust that claim of error through an appeal before the Board of Immigration Appeals, the administrative tribunal with expertise in adjudicating such appeals. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Petitioner has not done so here, and the Court declines to waive the prudential requirement of exhaustion based on futility or other grounds. The Court has previously addressed the same claim in dismissing a prior petition by Petitioner. *See* Case No. 26-cv-3280, Dkt. No. 2 (June 2, 2026 order dismissing petition).

//

//

//

//

//

//

---

[1] Citations herein, as to documents filed on the Court's docket, refer to ECF-generated page numbers on the top right of each page.

Petitioner has not established that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: September 11, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge